Azar Mouzari, SBN 263461
Nilofar Nouri, SBN 311871
**BEVERLY HILLS TRIAL ATTORNEYS, P.C.**
9350 Wilshire Blvd., Suite 203
Beverly Hills, California 90212
Tel:  310-858-5567  Fax: 310-627-8642
Email: azar@bhtrialattorneys.com
Email: nilofar@bhtrialattorneys.com

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VAIL, an individual, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>G.B.T. Inc., a California Corporation, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) BREACH OF EXPRESS WARRANTY**<br>**(2) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br>**(3) VIOLATION OF THE BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ. ("UCL")**<br>**(4) BREACH OF IMPLIED WARRANTY IN VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**<br>**(5) VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CLRA)**<br>**(6) UNJUST ENRICHMENT**<br>**(7) VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

1

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS……………………………………………...........2

INTRODUCTION……………………………………………………...…3

PARTIES……………………………………………………………….....5

      I.     Plaintiff………………………………………….……5

      II.    Defendants………………………………………………5

JURISDICTION AND VENUE…………………………………...….5

GENERAL ALLEGATIONS……………………………..…….……………6

CLASS ACTION ALLEGATIONS………………………………………11

TOLLING AND ESTOPPEL………………………………………...15

CAUSES OF ACTION……………………………….………………16

PRAYER FOR RELIEF……………………………………...…………31

JURY TRIAL DEMAND…………………………………………………32

*PLAINTIFFS' COMPLAINT*
*[CLASS-ACTION]*

COME NOW Plaintiff MICHAEL VAIL, an individual, and all others similarly situated (collectively "Plaintiffs"), and through their counsel of record, Beverly Hills Trial Attorneys, P.C., file this class action complaint against G.B.T. INC. ("Gigabyte"), and DOES 1 through 10, inclusive (collectively "Defendants"), seeking damages and relief on behalf of themselves and for all others similarly situated for: Breach of Express Warranty, Violation of California's Unfair Competition Law - *Business & Professions Code* sections 17200, *et seq*. ("UCL"), Breach of Implied Warranty in Violation of the Song-Beverly Consumer Warranty Act, Violation of the Consumer Legal Remedies Act, Unjust Enrichment, Violation of the Magnuson-Moss Warranty Act, and related claims as stated herein as below. Unless explicitly stated to the contrary, all allegations are based upon information and belief.

## <u>INTRODUCTION</u>

1.  This class action lawsuit challenges the deceptive and unlawful warranty practices of G.B.T. Inc. ("Gigabyte"), a multinational electronics company headquartered in Taiwan and known for manufacturing and selling computer hardware components, including motherboards, graphics cards, and other essential PC parts ("Products").

2. Gigabyte's Products are widely used by consumers, businesses, and technology enthusiasts around the world, including Plaintiffs, who rely on the company's reputation for quality and reliability in computing hardware.

3.  Plaintiff Vail brings this action on behalf of himself and similarly situated consumers who purchased Gigabyte Products, expecting the protection of Gigabyte's express warranties.

4.   These warranties, which are presented as a promise of quality, have instead become a source of frustration and financial loss.

5.   Despite Gigabyte's assurances, consumers who attempt to invoke these warranties are often met with unjustified rejections. In particular, Gigabyte has engaged in the routine practice of denying valid warranty claims by attributing product failures to "physical damage," without any substantiated evidence.

6.   This practice forces consumers to cover the costs of repair or replacement, violating both express warranty terms and consumer protection laws.

7.   Indeed, Gigabyte's warranty terms contain language that was just recently flagged as illegal by the Federal Trade Commission (FTC). These terms suggest that warranty coverage depends on the exclusive use of Gigabyte-branded parts or services, which the FTC has identified as a violation of federal law.

8.   Such conditions mislead consumers, implying that their warranty may be voided if they rely on independent repair options. This restriction not only undermines consumers' rights but also limits the right to repair—a growing movement supported by both consumers and regulatory bodies. The FTC has recently emphasized that restrictive warranty language harms competition and consumer choice, leaving buyers with fewer options and increased repair costs.

9.   Plaintiff and the proposed Class have suffered financial harm due to Gigabyte's failure to honor its warranty commitments and its misleading warranty conditions.

10. Plaintiff seeks monetary damages, restitution, and injunctive relief to protect consumers across the country. By holding Gigabyte accountable for these deceptive

practices, Plaintiff aims to prevent future harm and secure the warranty protections to which all purchasers of Gigabyte Products are legally entitled.

## PARTIES

### PLAINTIFF

11.   Plaintiff Michael Vail is, and at all times relevant here, has been a citizen of the state of Montana.

### DEFENDANTS

12.   Defendant is organized and incorporated under the laws of California and maintains its corporate headquarters and principal place of business in City of Industry, California.

13.   Plaintiffs are unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefor sue those Defendants by those fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes, and on that ground alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' injuries and damages, as alleged, are proximately caused by those occurrences.

### JURISDICTION AND VENUE

14.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiff is a citizen of Montana, Defendant is a California corporation with its headquarter/principal place of business in City of Industry,

California), (ii) the amount in controversy exceeds $5,000,000.00 (five million dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiff class.

15.    The Court has personal jurisdiction over Defendant Gigabyte because this Defendant is a California Corporation with its principal place of business in City of Industry, California. Additionally, the Court has personal jurisdiction over Defendant Gigabyte because it maintains and carries on systematic and continuous contacts in the State of California, and conducts business within the State of California, and/or otherwise intentionally avails itself of the California market through its promotion, sales, distribution and marketing within the State to render the exercise of jurisdiction by this Court permissible.

16.   Venue is proper in this Court because Defendant's principal place of business is situated in City of Industry, State of California.

## **GENERAL ALLEGATIONS**

17.   The Magnuson-Moss Warranty Act and related consumer protection laws require that companies honor warranty obligations unless they can conclusively prove that the consumer's misuse, unauthorized modifications, or physical damage was the direct cause of product failure. Gigabyte has repeatedly failed to uphold these statutory obligations, instead relying on vague or unfounded justifications to deny legitimate warranty claims.

18.   Gigabyte's conduct has caused substantial financial harm to consumers, including Plaintiff Michael Vail, who purchased Gigabyte's Products in good faith and with the

reasonable expectation that warranty coverage would be provided in the event of product failure.

19.   Gigabyte's written warranty contains language the FTC has recently flagged as misleading and in violation of federal law. Specifically, the FTC has issued warnings to Gigabyte that its warranty terms unlawfully condition warranty coverage on consumers' exclusive use of specific parts or services.

20.   For instance, Gigabyte's warranty documentation states that "if the manufacturing sticker inside the product was removed or damaged, it would no longer be covered by the warranty." The FTC has noted that such language is deceptive, as it suggests to consumers that warranty protection requires the exclusive use of Gigabyte-authorized parts and services, which violates federal law. A copy of the FTC's notice letter to Defendant is attached hereto as **Exhibit "A."**

21.   By enforcing these restrictive and misleading warranty terms, Gigabyte misleads consumers into believing they must rely solely on Gigabyte-authorized parts and services to maintain warranty eligibility.

22.   This policy not only infringes on consumers' rights under federal warranty laws but also harms market competition by limiting the right to repair. The right-to-repair movement, endorsed by the FTC, aims to allow consumers to maintain and repair their products freely without fear of voiding warranty coverage.

23.   Moreover, Gigabyte misleads customers and engages in deceptive practices by publishing various statements on its website, www.gigabyte.com, that misrepresent the scope and reliability of its products' warranties. For example, Gigabyte states that it "warrants the

GIGABYTE / AORUS products (the "Product") to be free from defects in workmanship and materials for the applicable warranty period from the date of purchase," and that "[i]f the Product fails during normal and proper use within the warranty period, GIGABYTE will, at its discretion, repair or replace the Product. The defective parts within the Product, or the Product itself, will be replaced with functional equivalents using new or refurbished parts or units."

24.  Despite these explicit statements, Gigabyte's representations regarding its product warranties are not honored when a product fails or malfunctions within the warranty period. These statements, therefore, constitute misrepresentations designed to lure customers into purchasing its products and spending money under false pretenses.

25.  Plaintiff Michael Vail is a long-term consumer of Gigabyte products, having purchased approximately 250-300 Gigabyte motherboards over a span of 15 years.

26.  Despite this loyalty, Mr. Vail encountered significant issues when he attempted to utilize Gigabyte's warranty services for two separate motherboard failures. Each time, Gigabyte refused to honor the warranty, basing its rejections on vague assertions of "physical damage," without substantiating its claims or providing proof that Mr. Vail was responsible for the damage.

27.  In December 2017, Mr. Vail purchased a high-end Gigabyte Aorus X399 Gaming 7 motherboard. He used this component primarily for office work and light gaming under standard conditions without modifications.

28.   In 2020, after years of proper use, the system stopped booting. Through extensive troubleshooting, Mr. Vail determined that the motherboard was faulty and, in accordance with Gigabyte's warranty procedure, sent it in for repair.

29.   Weeks later, Gigabyte informed him that the motherboard's CPU socket had sustained physical damage and could not be repaired, denying the warranty claim.

30.   Upon inspection, Mr. Vail observed that the socket damage appeared consistent with an internal electrical failure rather than consumer mishandling. Left with no recourse, Mr. Vail sold the motherboard at a significant loss.

31.   In 2020, Mr. Vail purchased another expensive motherboard, the Gigabyte Aorus X570 Master.

32.   This motherboard functioned under normal conditions until 2023, when it experienced a similar failure to the X399 motherboard, again rendering the computer inoperable.

33.   Upon removing the CPU for testing, Mr. Vail found it difficult to dislodge due to melted plastic around the CPU socket, which appeared to result from overheating. Despite meeting all warranty terms, Gigabyte initially agreed to assess the board but later denied the warranty claim, citing unspecified physical damage to the CPU socket. Notably, none of the physical damage cited by Gigabyte was caused by Mr. Vail's conduct.

34.   Gigabyte further imposed a $100 repair fee before ultimately refusing the repair, forcing Mr. Vail to rebuild his system with new components at significant expense.

35.   Gigabyte's conduct is not isolated to Mr. Vail's experiences; rather, it reflects a widespread pattern of deceptive and unfair business practices impacting consumers

nationwide. Indeed, a review of the web will showcase numerous Reddit threads and negative reviews left by customers of Defendant regarding their undesirable experience with Defendant's products and specifically, Gigabyte's refusal to honor its warranty with regards to those products.

36.    Defendant produces low-quality parts designed to break after only a few years of use, and sells these products with the promise of a warranty, only to systematically deny valid warranty claims on the pretext of "physical damage" without substantiating these allegations, contrary to the obligations imposed by consumer protection and warranty laws.

37.    As a result, Mr. Vail and other members of the putative class have suffered financial losses and have been deprived of their legal right to warranty protection.

38.    Gigabyte's wrongful and unlawful conduct of routinely denying customers' valid warranty claims constitutes unlawful, unfair and/or fraudulent business acts and practices, and unfair, deceptive, untrue and misleading advertising, by Gigabyte in violation of state and federal laws.

39.    On October 18, 2024, Plaintiff Michael Vail provided Gigabyte with notice that it had breached express and/or implied warranties and engaged in unfair, fraudulent, deceptive, and other unlawful acts and practices in connection with its manufacturing, advertising, marketing, and/or sale of its Products. Gigabyte failed to respond to Plaintiff's notice letter which as stated was a rejection of all demands. The notice is attached hereto as **Exhibit B**.

//

## CLASS ACTION ALLEGATIONS

40.    As further stated herein as to the following claims, Plaintiffs bring their causes of action on behalf of themselves and all others similarly situated, and certification of this class action is appropriate under California *Code of Civil Procedure* section 382 and California *Civil Code* section 1781, because the questions of law or fact common to the respective Class members predominate over questions of law or fact affecting only individual members.

41.    Plaintiffs seek certification of the following **Nationwide Class**: All persons in the United States who purchased a Gigabyte product and who sought and were improperly denied warranty services from 2020 to the present.

42.    Excluded from the Class are Defendants' officers, employees, agents or affiliates, and any judge who presides over this action, as well as past and present employees, officers and directors of Defendants.  Plaintiffs reserve the right to expand, limit, modify, or amend this Class definition, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

A.    **Commonality**

43.    There are questions of law and fact that are common to the claims of Plaintiffs.  Among these common questions are the following:

a.    Whether Gigabyte breached express warranties connected with its Products;

b.    Whether Gigabyte breached implied warranties connected with its Products;

c.      Whether Defendants violated California's Unfair Competition Law by misrepresenting material information to its customers regarding the warranty of its Products;

d.      Whether Defendants violated California's Unfair Competition Law by using uniform, deceptive business practices;

e.      Whether Defendants employed tactics preventing customers from receiving warranty services they were entitled to;

f.      Whether Defendants were unjustly enriched as a result of their conduct;

g.      Whether Class Members have been injured by Defendants' conduct;

h.      Whether, and to what extent, equitable relief and/or other relief should be imposed on Defendants, and, if so, the nature of such relief; and

i.      Whether Defendants' conduct as set forth above injured Plaintiff and class members, and if so, the extent of the injury and damages

**B.      Numerosity**

j.      The members of the Class are so numerous that separate joinder of each member is impracticable.  Plaintiff is informed and believes that the members of the Class would easily exceed the minimum numbers to satisfy this requirement.

**C.      Typicality**

k. Plaintiff's claims are typical of the claims of the Class since Plaintiff was subject to the same or similar practices by Defendants, as was each member of the Class. Plaintiff and Class members were injured in the same manner by Gigabyte's course of conduct alleged herein.  Plaintiff and all Class members have the same claims against

Gigabyte relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class Members. Plaintiff and all Class members sustained monetary and economic injuries arising out of Gigabyte's conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

l. The core issues which predominate over all the other issues in the litigation involve Defendants' unfair, unlawful, negligent practices discussed above.

m. Upon information and belief, there has never been a prior lawsuit certified as a class on behalf of Plaintiff based on the allegations in this Complaint.

**D.    Adequacy of Representation**

n.  Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. They have retained competent counsel, experienced in litigation of this nature, to represent them and members of the Class.  There is no hostility between Plaintiff and the unnamed Class members.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

o.  To prosecute this case, Plaintiff has chosen the law firm of Beverly Hills Trial Attorneys, P.C., whose attorneys have represented plaintiffs in class actions and as private attorneys general in bringing public interest actions.

**E.    Superiority**

p. The questions of law or fact common to the claims of Plaintiff and of each Class member predominate over any questions of law or fact affecting only individual members of the Class.  All claims by named Plaintiff and unnamed Class members are based on the

same alleged "across the board" representations by Defendants and other acts constituting negligence, unfair competition under the UCL, and breach of warranties.

q. Common issues predominate when as here, liability can be determined on a class-wide basis, even when there are some individualized damages. As a result, when determining whether common questions predominate, courts focus on the liability issue and if the liability issue is common to the class as in the case at bar, common questions are held to predominate over individual questions.

r.    Since all claims by named Plaintiff and unnamed Class members are based on the same alleged "across the board" failures by Defendants and other unfair competition laws under the UCL, the predominance requirement needed for class action treatment is satisfied.

s.    A class action is superior to thousands of individual actions in part because of the non-exhaustive factors listed below:

I.    Joinder of all class members would create extreme hardship and inconvenience for the affected consumers because of their immense geographical dispersion.

II.    It is highly unlikely that individual Plaintiffs would shoulder the burden of this vast and complex litigation as many are simply too poor or uneducated about Defendants' actions to bring separate actions;

III.    The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

IV.   Individual suits would not be cost effective. The costs to individual Plaintiffs in a collective action are lowered through the pooling or resources and by limiting the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity; and

V.   The action is manageable as a class action; individual lawsuits are not economically maintainable as individual actions.

Defendants have also acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

## TOLLING AND ESTOPPEL

### Discovery Rule Tolling

44.   Plaintiff and the putative class members had no way of knowing about Gigabyte's conduct with respect to its refusal to honor the warranties provided at the time its Products were purchased.

45.   Neither Plaintiff nor any putative class members, through the exercise of reasonable care, could have discovered the conduct by Gigabyte alleged herein. Further, Plaintiff and putative class members did not discover and did not know of facts that would have caused a reasonable person to suspect Gigabyte was engaging in the conduct alleged herein.

46.   For these reasons, all applicable statutes of limitations have been tolled by the discovery rule with respect to claims asserted by Plaintiff and the putative class.

# FIRST CAUSE OF ACTION

## (BREACH OF EXPRESS WARRANTY)

47.     Plaintiff realleges and incorporates here by reference each of the foregoing paragraphs, and further alleges as follows. Plaintiff brings this count under California law, individually and on behalf of the Nationwide Class, against Gigabyte, as the application of California law is appropriate.

48.     Gigabyte's Products which are computer hardware components, including motherboards, graphics cards, and other essential PC parts are "goods" under Cal. Com. Code §§ 2105(1) and 10103(a)(8).

49.     Gigabyte is a "merchant" and "seller" of its Products under Cal. Com. Code §§ 2104(1), 10103(c), and 2103(1)(d), respectively.

50.     Plaintiff and Class Members who purchased the Products are "buyers" under Cal. Com. Code §§ 2103(1)(a), 10103(a)(14).

51.     Gigabyte issued an express written warranty for each Product it sold, including that:

(a)     Its Products are free from defects in workmanship and materials for the applicable warranty period from the date of purchase;

(b)     If the Product fails during normal and proper use within the warranty period, Gigabyte will, at its discretion, repair or replace the Product. The defective parts within the Product, or the Product itself, will be replaced with functional equivalents using new or refurbished parts or units. Repair or replacement is subject to the original configuration.

52. The warranties listed above formed the basis of the bargain with regards to Plaintiff's and Class Members' purchase of Gigabyte's Products.

53. Gigabyte knowingly breached its warranty of its Products because:

(a) The Products are defective and/or contain a defective part which leads to their failure within a few years of use; and

(b) Gigabyte denies, conceals, and misrepresents the defect of its Products and, in the process, refuses to honor its warranty by repairing or replacing the Product in a reasonably timely fashion. Instead, Gigabyte refuses to honor its warranty and without valid reasons reject Plaintiff and the Class Members' warranty claims.

54. Gigabyte knew or should have known that the warranties were false and/or misleading.

55. Plaintiff and Class Members were exposed to Gigabyte's misrepresentations, and they had no way of discerning that Gigabyte's representations were false and misleading at the time of sale. Accordingly, Plaintiff and Class Members reasonably relied on Gigabyte's express warranties when purchasing its Products.

56. Plaintiff and Class Members timely provided Gigabyte notice of the issues raised in this count and this Complaint and an opportunity to cure, as alleged in the paragraphs addressing Gigabyte's notice, above.

57. Alternatively, Plaintiff and Class Members were excused from providing Gigabyte with notice and an opportunity to cure the breach, because it would have been futile.

58.    As a direct and proximate result of Gigabyte's breach of its express warranties, the Products purchased by Plaintiff and the Class Members were and are defective their warranty was not honored. Therefore, Plaintiff and Class Members have been damaged, in an amount to be proven at trial, through their overpayment at the time of purchase for the Gigabyte Products with a defect that would not be remedied.

## SECOND CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

59.    Plaintiff realleges and incorporates here by reference each of the foregoing paragraphs, and further alleges as follows. Plaintiff brings this count under California law, individually and on behalf of the Nationwide Class, against Gigabyte, as the application of California law is appropriate.

60.    Gigabyte's Products are "goods" under Cal. Com. Code §§ 2105(1) and 10103(a)(8).

61.    Plaintiff and Class Members are "buyers" of the Products under Cal. Com. Code §§ 2103(1)(a) and 10103(a)(14).

62.    Gigabyte's is a "merchant" and "seller" under Cal. Com. Code §§ 2104(1), 10103(c), and 10103(a)(16).

63.    California law conferred an implied warranty that the Products were in merchantable condition and fit for the ordinary purpose for which they were to be used pursuant to Cal. Com. Code §§ 2314 and 10212.

64.    The Products are not merchantable, and as such Gigabyte breached its implied Warranties at the time of sale and all times thereafter:

65.     The defect contained within the Products results in their failure only after a few years of purchase renders the Products unfit for ordinary purposes;

66.     The packaging and user manuals of the Products failed to disclose the defects of these Products and further failed to disclose that Gigabyte would not honor its warranty; and

67.     Plaintiff and Class Members timely provided Gigabyte notice of the issues raised in this count and this Complaint and an opportunity to cure, as alleged in the paragraphs addressing Gigabyte's notice, above.

68.     Alternatively, Plaintiff and Class Members were excused from providing Gigabyte with notice and an opportunity to cure the breach, because it would have been futile.

69.     Plaintiff, individually and on behalf of Class Members, seeks all available monetary damages (including actual, compensatory, and punitive damages), injunctive and equitable relief, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## (VIOLATION OF THE BUSINESS & PROFESSIONS CODE SECTIONS 17200 ET SEQ. ("UCL"))

70.     Plaintiff realleges and incorporates here by reference each of the foregoing paragraphs, and further alleges as follows. Plaintiff brings this count under California law, individually and on behalf of the Nationwide Class, against Gigabyte, as the application of California law is appropriate.

71.     Plaintiff realleges and incorporate here by reference each of the foregoing

paragraphs, and further alleges as follows.

72.    Plaintiff, pursuant to *Business and Professions Code* section 17204, brings this cause of action on behalf of himself and as a private attorneys general.

73.    *Business and Professions Code* section 17200, *et seq*., also known as the Unfair Competition Law, defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  The Unfair Competition Law imposes strict liability.  Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices – but only that such practices occurred.

***"Unlawful" Prong***

74.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

75.    As detailed in Plaintiff's Cause of Action below, the Consumer Legal Remedies Act, California *Civil Code* sections 1750 - 1784, prohibits a business from engaging in sales practices that are deceptive or misrepresentations when offering goods and services to the general public.

76.    Defendant's unlawful business practices are ongoing, and unless enjoined under *Business & Professions Code* section 17203, and/or under section 17535, are likely to continue to deceive other members of the general public at the expense of Defendant's competitors.

77.    Defendant violated Cal. Bus. & Prof. Code sections 17200, *et seq.* by engaging in unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising, including:

- Falsely representing the quality and nature of its Products;

- Concealing the fact that the Products are defective and/or contain a defective part which leads to their failure within a few years of use; and

- Denying, concealing, and misrepresenting the defect of its Products and, in the process, refusing to honor its warranty by repairing or replacing the Product in a reasonably timely fashion.

- Refusing to honor its warranty and without valid reasons rejecting Plaintiff and the Class Members' warranty claims.

**"Unfair" Prong**

78.    A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

79.    Defendant's business practices are unfair under the UCL because Defendant has acted in a manner that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and the Class Members. These business practices include but are not limited to:

- Falsely representing the quality and nature of its Products;

21

- Concealing the fact that the Products are defective and/or contain a defective part which leads to their failure within a few years of use; and

- Denying, concealing, and misrepresenting the defect of its Products and, in the process, refusing to honor its warranty by repairing or replacing the Product in a reasonably timely fashion.

- Refusing to honor its warranty and without valid reasons rejecting Plaintiff and the Class Members' warranty claims.

80. Further, the impact of the practice against Plaintiff and the Class Members far outweighs any possible justification or motive on the part of Defendant. The impact on Plaintiff and the Class Members has been described. Defendant can have no possible justification for engaging in immoral, unethical and substantially injurious act of charging Plaintiffs and the Class Members through misleading and deceptive conduct.

81. Furthermore, Plaintiff and the Class Members could not have reasonably avoided this injury because they relied on Defendant's advertising and statements as to the quality and characteristics of the Products being sold, as all consumers who rely on the verity of product advertising must do.

82. The harm to Plaintiff and Class members outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests other than the misleading and deceptive conduct described herein.

83. As a direct and proximate result of Defendant's unfair and unlawful acts and practices, Plaintiff and Class Members were injured and lost money. They did not receive

the benefit of the bargain in purchasing Gigabyte's Products, and they spent their own time and money dealing with various situations that arose as a result of Defendant's practices.

84.    Defendant acted intentionally, knowingly, and maliciously in violation of California's Unfair Competition Law.

85.    Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices, declaratory relief, reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5, injunctive relief, and other appropriate equitable relief.

86.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff also seeks, in addition to damages, restitution and other equitable relief, to recover attorney fees under (i) section 1021.5 of the *Code of Civil Procedure*, and/or (ii) the "common fund" doctrine available to prevailing plaintiffs who confer a benefit on the general public.

## FOURTH CAUSE OF ACTION

## (BREACH OF IMPLIED WARRANTY IN VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT)

87.    Plaintiff realleges and incorporates here by reference each of the foregoing paragraphs, and further alleges as follows. Plaintiff brings this count under California law, individually and on behalf of the Nationwide Class, against Gigabyte, as the application of California law is appropriate.

88.    Cal. Civ. Code § 1792 provides that, unless properly disclaimed, every sale of consumer goods is accompanied by an implied warranty of merchantability. Gigabyte did not at any time properly disclaim the warranty.

89.    Gigabyte's Products are "consumer goods" under Cal. Civ. Code § 1791(a).

90.    Plaintiff and Class Members are "buyers" under Cal. Civ. Code §§ 1791(b) and (h). Gigabyte is the "manufacturer" and "seller" of the Products under Cal. Civ. Code §§ 1791(i), (j), and (l).

91.    Gigabyte knew of the particular purposes for which the Products were intended and impliedly warranted to Plaintiff and Class Members that the Products were "merchantable" under Cal. Civ. Code §§ 1791.1(a) & 1792.

92.    The Products are not merchantable, and as such Gigabyte breached its implied warranties, because:

(a)    The defect contained within the Products results in their failure only after a few years of purchase renders the Products unfit for ordinary purposes;

(b)    The packaging and user manuals of the Products failed to disclose the defects of these Products and further failed to disclose that Gigabyte would not honor its warranty;

93.    Plaintiff and Class Members received the Products in a condition which substantially diminishes their value, and which prevents the Products from properly functioning.

94.    As a result of Gigabyte's failure to comply with its statutory obligations, Plaintiff is entitled to damages and other legal and equitable relief, including, at their election, the purchase price of the Products.

95.    Plaintiff, individually and on behalf of Class Members, seeks all available monetary damages (including actual, compensatory, and punitive damages), injunctive and equitable relief, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT (CLRA))

96.    Plaintiff realleges and incorporates here by reference each of the foregoing paragraphs, and further alleges as follows. Plaintiff brings this count under California law, individually and on behalf of the Nationwide Class, against Gigabyte, as the application of California law is appropriate.

97.    Gigabyte is a "person" under Cal. Civ. Code § 1761(c).

98.    Plaintiff and Class Members are "consumers" under Cal. Civ. Code § 1761(d) because they purchased the Products primarily for personal, family, or household use.

99.    The purchase of the Products by Plaintiff and Class Members constitutes "transactions" within the meaning of Cal. Civ. Code § 1761(e).

100.    The Products are "goods" under Cal. Civ. Code § 1761(a).

101.    Gigabyte's violations of the CLRA occurred repeatedly in its trade or

practice—including the design, manufacture, distribution, marketing, and sale of the Products.

102.    Gigabyte, through its agents, employees, and/or subsidiaries, violated the CLRA by knowingly and intentionally misrepresenting, omitting, concealing, and/or failing to disclose material facts regarding the reliability and performance of the Products, as detailed above.

103.    Gigabyte had an ongoing duty to Plaintiff and Class Members to refrain from unfair or deceptive practices under the CLRA in the course of their business. Specifically, Gigabyte owed Plaintiffs and Class Members a duty to disclose all the material facts concerning the quality and life span of its Products. Given Gigabyte's role in the design, manufacture, testing, and sale of its Products, it possessed exclusive access to and was in a superior position to know the true facts about the defective nature of its Products.

104.    Given the Products' hidden and technical nature, Plaintiff and Class Members lack the expertise in computer technology that would be necessary to discover the defects on their own;

105.    Gigabyte knew that the defects with its Products gave rise to serious concerns for the consumers who purchased the Products; and

106.    Gigabyte made, helped to make, or conspired to make incomplete representations about the performance and reliability of the Products, while purposefully withholding material facts about known defects.

107.    Gigabyte's unfair or deceptive acts or practices, including its misrepresentations, concealments, omissions, and/or suppressions of material facts, were designed to mislead and had a tendency or capacity to mislead and create a false impression in consumers that the Products were properly functioning and reliable. Indeed, those misrepresentations, concealments, omissions, and suppressions of material facts did in fact deceive reasonable consumers, including Plaintiff and Class Members, about the functionality and reliability of the Products and the quality of these Products, and their true value.

108.    Gigabyte intended for Plaintiff and Class Members to rely on its misrepresentations, omissions, and concealment—which they did by purchasing the Products at the prices they paid believing that their purchase would not have a defect that would affect the quality and reliability of the Products.

109.    Gigabyte's misrepresentations, concealments, omissions, and suppressions of material facts regarding the defect of its Products and true characteristics of its Products were material to the decisions of Plaintiff and Class Members to purchase its Products. Plaintiff and Class Members were exposed to those misrepresentations, concealments, omissions, and suppressions of material facts, and relied on Gigabyte's misrepresentations that its Products were properly functioning and reliable in deciding to purchase them.

110.    Plaintiff's and Class Members' reliance was reasonable, as they had no way of discerning that Gigabyte's representations were false and misleading, or otherwise learning the facts that Gigabyte had concealed or failed to disclose. Plaintiff and Class Members did not, and could not, unravel Gigabyte's deception on their own.

111.    Had they known the truth about the defect of these Products, that they would fail within a few years of use and that the warranty promised would not be honored, Plaintiff and Class Members would not have purchased the Products or would have paid significantly less for them.

112.    As a direct and proximate result of Gigabyte's deceptive practices, Plaintiff and Class Members have sustained economic injury and loss—either by purchasing a Product they otherwise would not have purchased or paying more than they otherwise would have as a result of Gigabyte's actions and omissions alleged above—that first occurred at the time each Product was purchased.

113.    Plaintiff and Class Members provided Gigabyte notice of the issues raised in this count and this Complaint and an opportunity to cure pursuant to Cal. Civ. Code § 1782, as alleged in the section addressing Gigabyte's notice above.

114.    Pursuant to Cal. Civ. Code § 1780(a), Plaintiff and Class Members seek an order enjoining the above unfair or deceptive acts or practices and awarding actual damages, treble damages, restitution, attorneys' fees, and any other just and proper relief available under the CLRA.

## SIXTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)

115.    Plaintiff realleges and incorporates here by reference each of the foregoing paragraphs, and further alleges as follows.

---

116.    As the intended and expected result of their conscious wrongdoing, Defendant profited and benefited from Plaintiff and Class Members payments for its Products.

117.    Defendant voluntarily accepted and retained these profits and benefits, with full knowledge and awareness that, as a result of the misconduct alleged herein, Plaintiff and the Nationwide Class were not receiving long lasting and defect-free Products that a reasonable consumer would expect.

118.    Defendant have been unjustly enriched by their fraudulent and deceptive conduct and withholding of benefits to Plaintiff and the Nationwide Class, at the expense of these parties.

119.    Equity and good conscience militate against permitting the Defendant to retain these profits and benefits, and permitting the Defendant to do so would be unjust and inequitable because of the Defendant's misrepresentations and misconduct against Plaintiff and members of the Nationwide Class, as alleged herein.

120.    Because the Defendant's retention of the non-gratuitous benefit conferred upon it by Plaintiff and the members of the Nationwide Class is unjust and inequitable, the Unjust Enrichment Defendants must pay restitution to Plaintiff and members of the Nationwide Class, as ordered by the Court.

121.    Furthermore, Defendant's conduct was willful, intentionally deceptive, and intended to cause economic injury to Plaintiff and the Class. Defendant is therefore liable to pay punitive damages.

122. Plaintiff and Class Members are entitled to damages in the amount Defendant was unjustly enriched, to be determined at trial.

## SEVENTH CAUSE OF ACTION

## (VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT ("MMWA"))

123. Plaintiff incorporates by reference each allegation set forth in preceding paragraphs as if fully stated herein.

124. The subject Products are "consumer products" under the MMWA. 15 U.S.C. § 2301(1).

125. Plaintiff and Class members are "consumers" under the MMWA. 15 U.S.C. § 2301(3).

126. Defendants are "suppliers" and "warrantors" under the MMWA. 15 U.S.C. §2301(4)-(5).

127. Through their express and implied warranties, Defendants warranted to Plaintiff and Class members that the Products they purchased were free from defects, of merchantable quality, and fit for the ordinary purposes for which these Products are used.

128. Defendants breached and refused to honor these warranties. As a result of the various issues identified above and the various defects contained within the Products which result in their failure only after a few years of purchase, these Products fail to perform in accordance with their ordinary and intended purposes and are unfit for use. Furthermore, the packaging and user manuals of the Products failed to disclose the defects of these Products and further failed to disclose that Gigabyte would not honor its warranty.

129.    Defendants have been given reasonable opportunities to cure their breaches of warranty. In fact, Defendants have had actual knowledge and ample notice that they need to honor warranty obligations unless they can conclusively prove that the consumer's misuse, unauthorized modifications, or physical damage was the direct cause of product failure. Gigabyte has repeatedly failed to uphold these statutory obligations, instead relying on vague or unfounded justifications to deny legitimate warranty claims.

130.    For the reasons set forth above, Defendants' limitation on their warranties is unconscionable and unenforceable under 15 U.S.C. § 2301-2312.

131.    The amount in controversy for purposes of Plaintiffs' individual claims exceeds $25. The amount in controversy in this action exceeds $50,000, exclusive of interest and costs, computed on the basis of all claims to be adjudicated in the suit.

132.    As a direct and proximate result of Defendants' breaches of its express and implied warranties pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff and Class members have suffered damages in an amount to be determined at trial.

133.    Plaintiff also seek costs and expenses, including reasonable attorneys' fees, under the MMWA. 15 U.S.C. § 2310(d)(2).

### **PRAYER FOR RELIEF**

134. Plaintiff, individually and on behalf of all others similarly situated prays for relief and judgment against Defendants as follows:

(a)    An order certifying the Class and designating MICHAEL VAIL as Class Representative and his counsel as Class Counsel;

(b)  Awarding Plaintiff and the proposed Class members actual or compensatory damages according to proof;

(c)  Awarding restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the Class members as a result of their unlawful, unfair and/or fraudulent business practices described herein;

(d)  Awarding declaratory and injunctive relief as permitting by law or equity to individual Plaintiff, including enjoining Defendants from continuing the unlawful practices set forth herein, and directing Defendants to identify, with Court supervision, victims of their misconduct and pay them all money they are required to pay;

(e)  Exemplary and punitive damages sufficient to punish and deter the Defendants and others from future wrongful practices;

(f)  Pre-judgment and post-judgment interest;

(g)  Awarding attorneys' fees and costs; and

(h)  Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues raised in this Complaint.

DATED: December 6, 2024          **BEVERLY HILLS TRIAL ATTORNEYS, P.C.**

                                        */s/ Azar Mouzari*
                                        Azar Mouzari, Esq.
                                        Nilofar Nouri, Esq.

# EXHIBIT A



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
Western Region San Francisco

Kerry O'Brien
Regional Director

(415) 848-5189
kobrien@ftc.gov

90 Seventh Street
Suite 14-300
San Francisco, California 94103

July 3, 2024

*Via Federal Express*

Eric Lu
Chief Executive Officer
G.B.T. Inc.
17358 Railroad St.
City of Industry, CA 91748

### Compliance Warning Re: Magnuson-Moss Warranty Act

Dear Mr. Lu:

The Federal Trade Commission ("FTC" or "Commission"), the nation's consumer protection agency, enforces the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC Act requires that any representations be truthful and non-misleading. The FTC also enforces the Magnuson-Moss Warranty Act ("the Warranty Act"), 15 U.S.C. §§ 2301–2312. The Warranty Act is a law that governs consumer product warranties and, among other things, establishes disclosure standards for written warranties. The Warranty Act prohibits warrantors of consumer products costing more than five dollars from conditioning their written warranties on a consumer's use of any article or service, such as repair service, which is identified by brand, trade, or corporate name, unless (1) the warranty states the article or service will be provided to the consumer for free, or (2) the warrantor has been granted a waiver by the Commission.[1] Similarly, warranty language that *implies* to a consumer acting reasonably under the circumstances that warranty coverage requires the consumer to purchase an article or service identified by brand, trade or corporate name is similarly deceptive and prohibited.[2] A violation of

---

[1] 15 U.S.C. § 2302(c). A warrantor may apply for a waiver by demonstrating to the Commission that the warranted product will function properly only if the article or service so identified is used in connection with the warranted product and that the waiver is in the public interest.

[2] 16 C.F.R. 700.10; 15 U.S.C. § 2310(c).

1

the Warranty Act is a violation of Section 5 of the FTC Act, and the FTC has previously brought actions against companies for this type of Section 5 violation.[3]

In addition, claims by a warrantor that create a false impression that a warranty would be void due to the use of unauthorized parts or service may, apart from the Warranty Act, constitute a deceptive practice under Section 5 of the FTC Act.[4] Absent a Commission waiver pursuant to Section 2302(c) of the Warranty Act, a warrantor claiming or suggesting that a warranty is void simply because a consumer used unauthorized parts or service would have no basis for such a claim.

The FTC's Western Region San Francisco has reviewed written warranty materials related to products offered by G.B.T. Inc. ("GIGABYTE") available on gigabyte.com. Staff has concerns about certain representations GIGABYTE is making regarding its warranty coverage. In particular, staff is concerned about the repair restrictions inherent in the following statements in GIGABYTE's written warranty:

> If the manufacturing sticker inside the product was removed or damaged, it would no longer be covered by the warranty.

Staff similarly would be concerned about any additional representations made by GIGABYTE that state or imply that its warranty coverage requires a consumer to purchase an article or service identified by GIGABYTE or another brand, trade or corporate name. Furthermore, staff would be concerned if GIGABYTE, in practice, denied warranty coverage based on the warranty provisions quoted above or any similar provision.

**This letter places you on notice that violations of the Warranty and FTC Acts may result in legal action. FTC investigators have copied and preserved the online pages in question, and we plan to review your company's written warranty and promotional materials after 30 days. You should review the Warranty and FTC Acts and, if necessary, revise your practices to comply with the Acts' requirements. By sending this letter, we do not waive the FTC's right to take law enforcement action and seek appropriate injunctive and monetary remedies against GIGABYTE based on past or future violations.**

---

[3] *See, e.g.*, Decision and Order, *In re Harley-Davidson Motor Co. Grp., LLC*, FTC Docket No. C-4778 (Oct. 21, 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/2123140-Harley-Davidson-combined-package-without-signatures.pdf; Decision and Order, *In re Weber-Stephen Prods. LLC*, FTC Docket No. C-4775 (Sept. 14, 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/Weber-Stephen%20Decision%20and%20Order.pdf; Decision and Order, *In re MWE Invs., LLC*, FTC Docket No. C-4774 (Aug. 11, 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/222%203012%20%20Westinghouse%20Decision%20and%20Order.pdf.

[4] 15 U.S.C. § 45(a); 80 Fed. Reg. 42710, 42713 (July 20, 2015) (citing Letter from James C. Miller III, Chairman, Fed. Trade Comm'n, et al., to Rep. John D. Dingell (Oct. 14, 1983), reprinted in *Cliffdale Assocs., Inc.*, 103 F.T.C. 110, 174 (1984), https://www.ftc.gov/system/files/documents/public_statements/410531/831014 deceptionstmt.pdf).

Thank you for your attention to this matter. Please direct any inquiries concerning this letter to Abdiel Lewis at alewis4@ftc.gov and Alyssa Wu at awu1@ftc.gov.

Sincerely,

Kerry O'Brien
Regional Director
Western Region San Francisco

3

# EXHIBIT B



**Azar Mouzari, Esq.**
**Nilofar Nouri, Esq.**
9350 Wilshire Blvd., Suite 203
Beverly Hills, California 90212
Tel:  310-858-5567 | Fax: 310-627-8642
Email: azar@bhtrialattorneys.com
Email: nilofar@bhtrialattorneys.com

October 18, 2024

**VIA CERTIFIED MAIL**

G.B.T. Inc.
17358 Railroad St.
City of Industry, CA 91748

**Re: G.B.T. INC. NOTICE LETTER**

**THIS IS A DEMAND/NOTICE LETTER AND MUST BE FORWARDED TO THE APPROPRIATE PARTY FOR IMMEDIATE RESOLUTION.  FAILURE TO RESPOND TO THIS DEMAND/NOTICE MAY RESULT IN LEGAL ACTION BEING TAKEN.**

**RE:  NOTICE OF CLAIMS ARISING FROM YOUR IMPROPER BUSINESS PRACTICES INCLUDING BUT NOT LIMITED TO A VIOLATION OF CONSUMER PROTECTION LAWS AND 30-DAY RIGHT TO CURE**

To Whom It May Concern:

We represent Michael Vail, among others, and those similarly situated (collectively referred to herein as our "Clients") who were subject to your unlawful and fraudulent business practices. Mr. Vail, a Montana resident, has purchased G.B.T. Inc. ("Gigabyte") products over the course of the past 15 years, and would estimate to have purchased approximately 250-300 of Gigabyte's motherboards for computers that he has built for his clients during this time period.

On at least two separate occasions, after experiencing hardware failures with the motherboards he purchased, Mr. Vail attempted to invoke Gigabyte's warranty. Despite his compliance with all warranty terms, including proper product use, Gigabyte refused to honor the warranty claims. Indeed, each time, your company asserted that the failures were due to "physical damage," even though the damage in question was not caused by my client. Gigabyte failed to provide any legitimate basis for rejecting the warranty claims, acting in direct contravention of both the warranty terms and federal and state consumer protection laws.



As you are aware, consumer protection laws including the Magnuson-Moss Warranty Act specifically prohibits companies from denying warranty coverage unless they can clearly demonstrate that a consumer's actions (*e.g.*, unauthorized modifications or physical damage) are the cause of the failure. In the case of Mr. Vail, Gigabyte not only failed to offer such proof but also relied on vague and unjustified claims to evade its obligations under the warranty. This has caused significant financial harm to my client, who reasonably expected the warranty coverage to be upheld for products purchased in good faith.

Furthermore, and as you are aware, Gigabyte's warranty terms contain language that the Federal Trade Commission ("FTC") has recently flagged as problematic under federal law.[1] Indeed, the FTC has warned you that your warranty materials include language that unlawfully conditions warranty coverage on the use of specific services or products, which the Magnuson-Moss Warranty Act expressly prohibits unless a waiver is obtained. For example, Gigabyte's written warranty states:

> "If the manufacturing sticker inside the product was removed or damaged, it would no longer be covered by the warranty."

Attached as **Exhibit "A"** is a copy of the warning letter from the FTC to Gigabyte.

Such provisions mislead consumers into believing they must rely on authorized Gigabyte parts and services to retain their warranty protection, which is a violation of federal law. As the FTC noted, "warranty language that implies to a customer acting reasonably under the circumstances that warranty coverage requires the consumer to purchase an article or service identified by brand, trade or corporate name is deceptive and prohibited."

This practice not only undermines consumers' rights but also harms competition by restricting the right to repair, an issue that the FTC has been actively addressing. The right-to-repair movement, supported by both consumers and independent repair businesses, ensures that individuals have the freedom to maintain their own products without fear of voiding their warranty.

As such, we write to notify you that your company has breached express and implied warranties and engaged in unfair, fraudulent, deceptive, and other unlawful acts and practices in connection with your manufacturing, advertising, marketing, and/or sale of your products. We are providing you with this notice and demand for relief pursuant to consumer protection and warranty laws.

The consumer protection claims prohibit unfair or deceptive acts or practices in the conduct of consumer business transactions. Gigabyte has violated these statutes by employing deceptive warranty practices that restrict consumer rights and mislead customers about their warranty coverage. As a result of the above, Plaintiff and the putative Class members have suffered ascertainable losses.

---

[1] *See* https://www.ftc.gov/news-events/news/press-releases/2024/07/ftc-warns-companies-stop-warranty-practices-harm-consumers-right-repair (last accessed October 16, 2024).



**DAMAGES AVAILABLE UNDER CALIFORNIA LAW**

Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by section 1770 may bring an action against that person to recover or obtain any of the following:

> (1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000 minimum).
>
> (2) An order enjoining the methods, acts or practices.
>
> (3) Restitution of property.
>
> (4) Punitive damages.
>
> (5) Any other relief that the Court deems proper.

These damages are in addition to any damages as a result of successful causes of action for fraud, misrepresentation, deceit and other applicable causes of action.  Clients have lost a significant amount of time and money in attempting to rectify this issue. Further, Clients and other similarly-situated individuals may be entitled to an award of restitution and disgorgement of Gigabyte's revenues, declaratory and injunctive relief as permitting by law or equity, including enjoining Gigabyte from continuing its unlawful practices set forth herein, and attorney's fees and costs.

In accordance with the notice requirements of Plaintiff's consumer protection claims, notice is provided thirty (30) days prior to filing an action. Failure to respond within thirty (30) days of this letter will be interpreted as a rejection of all demands to do the following in order to remedy your violations:

> (1) Cease and desist from continuing the unfair business practices mentioned above;
>
> (2) Completely disgorge and pay monetary damages equal to the amount of monies privately paid, directly or indirectly, by Clients or members of the Putative Class;
>
> (3) Pay interest on the above amounts together with interest thereon calculated at the highest applicable legal rate, to our Clients and members of the Putative Class.
>
> (4) Pay monetary damages to Clients for their lost time in dealing with this issue.

This demand is made by our Clients on a collective basis on behalf of themselves and the class of all similarly-situated individuals.  California Civil Code section 1782(c) requires that Gigabyte identify and provide the remedies demanded to all similarly-situated individuals.  Similar notice and demand are presented on behalf of citizens and residents of other states who purchased Gigabyte's products during the same period.



**FAILURE TO TAKE THE ABOVE ACTION WITHIN 30 DAYS OF THE RECEIPT OF THIS NOTICE SHALL RESULT IN THE FILING OF A CIVIL LAWSUIT IN A CALIFORNIA COURT** for damages, restitution and injunctive relief on behalf of others similarly situated, and for punitive damages, treble Damages, and attorney's fees and costs as authorized by statute.

If you contend that any of the facts or information contained in this letter are inaccurate in any respect, please provide us with all your contentions and all supporting documents/materials immediately upon your receipt of this latter, but in no event later than thirty (30) days from the date of receipt.

Finally, this letter also serves as a demand that you preserve and maintain any and all relevant records pending the resolution of this matter, including hard copy documents, any such records that are stored electronically, and tangible things. Such documents and tangible things include, but are not limited to: all internal documents and communications concerning Gigabyte's warranty; all internal investigations and reports with regards to Gigabyte's warranty, warranty claims submitted, warranty claims rejected; and all documents concerning customer complaints or other communications with customers that relate to complaints and allegations discussed in this notice letter.

All information requested herein shall be provided in written format and shall be clear and understandable and mailed by certified mail to the following address:

> Azar Mouzari, Esq.
> Nilofar Nouri, Esq.
> **BEVERLY HILLS TRIAL ATTORNEYS, P.C.**
> 9350 Wilshire Blvd., Suite 203
> Beverly Hills, California 90212

The information contained herein is not exhaustive of and shall not be construed as a waiver of our clients' rights and remedies at law or in equity, and our clients hereby expressly reserve all such rights without prejudice.

Sincerely,

Azar Mouzari, Partner
**BEVERLY HILLS TRIAL ATTORNEYS, P.C.**
9350 Wilshire Blvd., Suite 203
Beverly Hills, California 90212
Email: azar@bhtrialattorneys.com
Tel:  310-858-5567
Fax: 310-627-8642



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WESTERN REGION SAN FRANCISCO

Kerry O'Brien
Regional Director

(415) 848-5189
kobrien@ftc.gov

90 Seventh Street
Suite 14-300
San Francisco, California 94103

July 3, 2024

*Via Federal Express*

Eric Lu
Chief Executive Officer
G.B.T. Inc.
17358 Railroad St.
City of Industry, CA 91748

## **Compliance Warning Re: Magnuson-Moss Warranty Act**

Dear Mr. Lu:

The Federal Trade Commission ("FTC" or "Commission"), the nation's consumer protection agency, enforces the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC Act requires that any representations be truthful and non-misleading. The FTC also enforces the Magnuson-Moss Warranty Act ("the Warranty Act"), 15 U.S.C. §§ 2301–2312. The Warranty Act is a law that governs consumer product warranties and, among other things, establishes disclosure standards for written warranties. The Warranty Act prohibits warrantors of consumer products costing more than five dollars from conditioning their written warranties on a consumer's use of any article or service, such as repair service, which is identified by brand, trade, or corporate name, unless (1) the warranty states the article or service will be provided to the consumer for free, or (2) the warrantor has been granted a waiver by the Commission.[1] Similarly, warranty language that *implies* to a consumer acting reasonably under the circumstances that warranty coverage requires the consumer to purchase an article or service identified by brand, trade or corporate name is similarly deceptive and prohibited.[2] A violation of

---

[1] 15 U.S.C. § 2302(c). A warrantor may apply for a waiver by demonstrating to the Commission that the warranted product will function properly only if the article or service so identified is used in connection with the warranted product and that the waiver is in the public interest.

[2] 16 C.F.R. 700.10; 15 U.S.C. § 2310(c).

1

the Warranty Act is a violation of Section 5 of the FTC Act, and the FTC has previously brought actions against companies for this type of Section 5 violation.[3]

In addition, claims by a warrantor that create a false impression that a warranty would be void due to the use of unauthorized parts or service may, apart from the Warranty Act, constitute a deceptive practice under Section 5 of the FTC Act.[4] Absent a Commission waiver pursuant to Section 2302(c) of the Warranty Act, a warrantor claiming or suggesting that a warranty is void simply because a consumer used unauthorized parts or service would have no basis for such a claim.

The FTC's Western Region San Francisco has reviewed written warranty materials related to products offered by G.B.T. Inc. ("GIGABYTE") available on gigabyte.com. Staff has concerns about certain representations GIGABYTE is making regarding its warranty coverage. In particular, staff is concerned about the repair restrictions inherent in the following statements in GIGABYTE's written warranty:

> If the manufacturing sticker inside the product was removed or damaged, it would no longer be covered by the warranty.

Staff similarly would be concerned about any additional representations made by GIGABYTE that state or imply that its warranty coverage requires a consumer to purchase an article or service identified by GIGABYTE or another brand, trade or corporate name. Furthermore, staff would be concerned if GIGABYTE, in practice, denied warranty coverage based on the warranty provisions quoted above or any similar provision.

**This letter places you on notice that violations of the Warranty and FTC Acts may result in legal action. FTC investigators have copied and preserved the online pages in question, and we plan to review your company's written warranty and promotional materials after 30 days. You should review the Warranty and FTC Acts and, if necessary, revise your practices to comply with the Acts' requirements. By sending this letter, we do not waive the FTC's right to take law enforcement action and seek appropriate injunctive and monetary remedies against GIGABYTE based on past or future violations.**

---

[3] *See, e.g.*, Decision and Order, *In re Harley-Davidson Motor Co. Grp., LLC*, FTC Docket No. C-4778 (Oct. 21, 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/2123140-Harley-Davidson-combined-package-without-signatures.pdf; Decision and Order, *In re Weber-Stephen Prods. LLC*, FTC Docket No. C-4775 (Sept. 14, 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/Weber-Stephen%20Decision%20and%20Order.pdf; Decision and Order, *In re MWE Invs., LLC*, FTC Docket No. C-4774 (Aug. 11, 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/222%203012%20%20Westinghouse%20Decision%20and%20Order.pdf.

[4] 15 U.S.C. § 45(a); 80 Fed. Reg. 42710, 42713 (July 20, 2015) (citing Letter from James C. Miller III, Chairman, Fed. Trade Comm'n, et al., to Rep. John D. Dingell (Oct. 14, 1983), reprinted in *Cliffdale Assocs., Inc.*, 103 F.T.C. 110, 174 (1984), https://www.ftc.gov/system/files/documents/public_statements/410531/831014 deceptionstmt.pdf).

Thank you for your attention to this matter. Please direct any inquiries concerning this letter to Abdiel Lewis at alewis4@ftc.gov and Alyssa Wu at awu1@ftc.gov.

Sincerely,

Kerry O'Brien
Regional Director
Western Region San Francisco

3