UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  **2:24-cv-10574-MAR** | Date:  July 21, 2025 |
| Title:  *Michael Vail v. G.B.T. Inc. et al* | |

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER DENYING MOTION FOR DEFAULT JUDGMENT, DKT. 11**

On December 9, 2024, Michael Vail ("Plaintiff") filed a complaint ("Complaint") against GBT Inc. ("Defendant") asserting claims for breach of express and implied warranties, violation of the Magnuson-Moss Warranty Act, violation of the Song-Beverly Consumer Warranty Act, unfair competition, deceptive advertising under the Consumers Legal Remedies Act ("CLRA"), and unjust enrichment, seeking damages, restitution, injunctive relief, and attorneys' fees.  ECF Docket No. ("Dkt.") 1.

On February 11, 2025, the Clerk of Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) based on Defendants' failure to answer the Complaint or otherwise appear in this action.  Dkt. 10.

On May 28, 2025, Plaintiff filed the instant Motion for Default Judgment ("Motion") pursuant to Federal Rule of Civil Procedure 55(b).  Dkt. 11.  As of the date of this order, Defendant has not filed an opposition.

The decision to grant or deny an application for default judgment under Fed. R. Civ. P. 55(b)(2) is discretionary.  Allstate Life Ins. Co. v. Markowitz, 590 F. Supp. 3d 1210, 1215 (C.D. Cal. 2022) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)).   In determining whether to enter default judgment against a party, a court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Furthermore, under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:24-cv-10574-MAR**                                                        Date:  July 21, 2025

Title:  *Michael Vail v. G.B.T. Inc. et al*

this Court's Local Rules, an application for default judgment must be accompanied by a declaration setting forth: when, and against what party, default was entered; the pleading to which default was entered; whether the defaulting party is an infant or incompetent person; that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that notice has been served on the defaulting party, if required.  L.R. 55-1.

    Importantly, under this Court's local rules, the party applying for default judgment must provide the defaulting party with notice of the application if the defaulting party has appeared in the action or the applicant seeks unliquidated damages. Fed. R. Civ. P. 55(b)(2); L.R. 55-2.  "Unliquidated damages" are "damages that cannot be determined by a fixed formula."  First Home Bank v. Hershey Interests, Inc., No. 2:18-cv-01584-ODW-AS, 2018 WL 3460148, at *2 (C.D. Cal. July 16, 2018) (citing Unliquidated Damages, Black's Law Dictionary (10th ed. 2014)). In contrast, "liquidated damages" are damages in "[a]n amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one if the other party breaches." Liquidated Damages, Black's Law Dictionary (11th ed. 2019).

    Here, there is no contract at issue.  Rather, Plaintiff has calculated his actual and statutory damages.  See Mot. at 20.  Indeed, he supports his calculations with his own declaration, as contemplated by Local Rule 55-2 ("Default Judgment – Unliquidated Damages").  Dkt. 11-1, Declaration of Michael Vail ("Vail Decl."); L.R. 55-2 ("If the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations.").  Accordingly, Plaintiff appears to seek unliquidated damages.

    Plaintiff was, therefore, required to provide Defendant with written notice of the motion to give them the opportunity to submit declarations in opposition.  See L.R.55-2; Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) ("[W]here an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." (citing C.D. Cal. L.R. 55-2)).  Yet, Plaintiff apparently admits that he has not provided written notice of the motion to Defendant.  Dkt. 11-2, Declaration of Azar Mouzari ("Mouzari Decl.") ¶ 10 ("Moreover, defaulting party,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **2:24-cv-10574-MAR**                                                                  Date:  July 21, 2025

Title:         *Michael Vail v. G.B.T. Inc. et al*

Defendant G.B.T. Inc. has not appeared personally or by way of a representative and as such, written notice of this Motion is not necessary."). Accordingly, the Court **DENIES** Plaintiff's motion, without prejudice. The Court directs Plaintiff to file renewed motions with the Court and to serve Defendant with a copy of the motion. Failure to do so will result in dismissal for failure to prosecute.

|  | : |
|---|---|
| **Initials of Preparer** | vv |